STATE OF NORTH CAROLINA v. YOVANIS GONZALEZ TOLEDO

No. COA09-1063

(Filed 18 May 2010)

**Search and Seizure— probable cause—motion to suppress improperly granted—exigent circumstances**

The trial court in a possession of marijuana case erred by finding and concluding that exigent circumstances did not exist to justify a search of a spare tire located underneath defendant's vehicle without a search warrant and suppressing the marijuana found therein. The search of the inside of defendant's vehicle was within the scope of defendant's consent and the discovery of marijuana inside a tire located in the vehicle was sufficient prob-

able cause to allow the officer to search every part of the vehicle, including the tire located underneath the vehicle.

Appeal by the State from order entered 7 May 2009 by Judge Henry W. Hight, Jr. in Johnston County Superior Court. Heard in the Court of Appeals 10 March 2010.

*Attorney General Roy Cooper, by Assistant Attorney General Derrick C. Mertz, for the State.*

*Ann B. Petersen for defendant-appellee.*

BRYANT, Judge.

The State appeals from an order granting defendant's motion to suppress the contents of a spare tire taken from under defendant's vehicle without a search warrant. For the reasons stated herein, we reverse and remand.

Defendant Yovanis Toledo was indicted on charges of trafficking in marijuana by possession and trafficking in marijuana by transportation. Defendant filed a pretrial motion to suppress evidence obtained as a result of a warrantless search of defendant's vehicle, arguing that it was a violation, of defendant's Fourth Amendment rights as stated in the United States Constitution. On 7 May 2009, at a hearing on defendant's motion, Sergeant Nathan Memmelaar testified to the events which led to the search of defendant's vehicle.

On 21 October 2008, Sergeant Memmelaar, an officer with fifteen years of law enforcement experience and five years with the Smithfield Police Department, was parked along Interstate 95 near the Brogden Road exit when he noticed a black Chevrolet Suburban with a Connecticut license plate. The vehicle moved behind a tractor trailer and came within a car length and a half of it. Sergeant Memmelaar activated his blue lights and stopped the vehicle for following too closely. Sergeant Memmelaar approached the vehicle, identified himself, and informed the driver why he had been stopped. The driver, defendant, accompanied the sergeant back to his police car where the sergeant checked to see if defendant's driver's license and vehicle registration were valid. Upon confirmation, defendant was informed that he would receive only a warning ticket. Still, while in the sergeant's vehicle, defendant seemed extremely nervous: "[h]e was continually rubbing his hands on his thighs" and avoided eye con-

tact. Upon completing the ticket, Sergeant Memmelaar asked if defendant would speak with him and then asked defendant if he had anything such as guns, drugs, or large amounts of currency, to which defendant replied he did not. Sergeant Memmelaar then asked if he could look in defendant's vehicle. Defendant said "Yeah," "[g]o ahead and look," and pointed toward the vehicle.

Inside the vehicle, Sergeant Memmelaar noticed a large tire in the luggage area. The tire was larger than the tires on the vehicle, and when asked to what vehicle the tire belonged, defendant said it belonged to his truck in Miami. Sergeant Memmelaar asked defendant why he would have a truck in Miami if he lived in Connecticut but did not receive a satisfactory answer. Sergeant Memmelaar removed the tire from the vehicle and conducted a "ping" test, pressing the tire valve to release some of the air. Immediately, Sergeant Memmelaar noted a "very strong odor of marijuana." Sergeant Memmelaar handcuffed defendant and placed him in his patrol vehicle, then continued to search the vehicle. In the undercarriage of defendant's vehicle was another spare tire. Sergeant Memmelaar removed the second spare and performed another ping test. Again, Sergeant Memmelaar noted a strong odor of marijuana. Sergeant Memmelaar then called his supervisor. Detective J.G. Whitley, a narcotics investigator, arrived at the scene and took possession of the tires. He pulled from the tires approximately thirty-five gallon sized freezer bags of marijuana weighing a total of 16.45 pounds.

After hearing the testimony, the trial court found and concluded that defendant's consent to search extended only to the interior of the vehicle; that the search of the tire located within the luggage area of defendant's vehicle was within the scope of consent; and that Sergeant Memmelaar had probable cause to seize the tire when the odor of marijuana was expelled. However, the trial court found and concluded that the search of the tire from the vehicle's undercarriage exceeded the scope of the consent to search. Therefore, the trial court denied defendant's motion to suppress evidence found in the tire located within the vehicle but granted the motion to suppress evidence taken from the second tire, located in the undercarriage. From this order, the State appeals.

---

On appeal, the State raises three questions; however, we address them as a single issue. Did the trial court err by making mixed findings of fact and conclusions of law that exigent circumstances did not

exist to justify a search of the second spare tire without a search warrant and suppressing the marijuana found therein.

### Standard of Review

"Generally, an appellate court's review of a trial court's order on a motion to suppress is strictly limited to a determination of whether its findings are supported by competent evidence, and in turn, whether the findings support the trial court's ultimate conclusion." *State v. White*, 184 N.C. App. 519, 523, 646 S.E.2d 609, 611 (2007) (citation omitted). "Findings of fact are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting. However, the trial court's conclusions of law are fully reviewable on appeal." *State v. Robinson*, 189 N.C. App. 454, 458, 658 S.E.2d 501, 504 (2008) (internal citations and quotations omitted).

### Analysis

The State argues that the trial court erred in finding and concluding that exigent circumstances did not exist to warrant the seizure of the second tire absent a warrant. We agree.

On appeal, defendant cites *Arizona v. Gant*, —— U.S. ——, 173 L. Ed. 2d 485 (2009), as providing the basis for the trial court's suppression of the evidence seized from the second tire. There, the Supreme Court of the United States considered whether the Fourth Amendment allowed police to conduct a warrantless search of a vehicle after the defendant had been handcuffed and secured in a police vehicle for the offense of driving with a suspended license. The Court noted that as a basic rule "[s]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Id.* at ——, 173 L. Ed. 2d at 493 (citation omitted). A search incident to a lawful arrest is such an exception. *Id.* However, the *Gant* Court determined that the rationale underlying a warrantless vehicle search incident to an arrest, i.e. officer safety and preservation of evidence, did not exist based on the facts of that case, where the suspect had been arrested on the charge of driving with a suspended license, had been handcuffed, and placed in an patrol car. *Id.* at ——, 173 L. Ed. 2d at 497. However, the Court distinguished the facts of *Gant* from situations where "circumstances unique to the vehicle context justify a search incident to a lawful arrest when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.'" *Gant*, —— U.S. ——, 173 L. Ed. 2d at 496 (citing *Thornton*, 541 U.S. at

632, 158 L. Ed. 2d 905 (Scalia, J., concurring in judgment))[1]. We believe *Gant* is instructive but otherwise inapplicable to the facts before us. "At bottom, the proper standard is intended to protect citizens from rash and unreasonable interferences with privacy and from unfounded charges of crime, while at the same time giving fair leeway for enforcing the law in the community's protection." *United States v. Dickey-Bey*, 393 F.3d 449, 453-54 (4th Cir. 2004) (citation omitted). *See also, California v. Acevedo*, 500 U.S. 565, 570, 114 L. Ed. 2d 619, 628 (1991) ("The scope of a warrantless search based on probable cause is no narrower—and no broader—than the scope of a search authorized by a warrant supported by probable cause.") (citation omitted).

In *United States v. Ross*, 456 U.S. 798, 72 L. Ed. 2d 572 (1982), a reliable confidential informant informed police that he observed a man selling drugs out of his trunk. *Id.* at 800, 72 L. Ed. 2d at 578. Officers immediately reported to the area and found the defendant and his vehicle, both of which matched the informant's description. *Id.* at 801, 72 L. Ed. 2d at 578. The officers searched the interior of the vehicle and found a bullet in the passenger seat and a handgun in the glove compartment. *Id.* at 801, 72 L. Ed. 2d at 579. The defendant was then arrested. The officers continued to search the vehicle and in the trunk discovered a closed brown paper bag, which contained several glassine bags housing what was later determined to be heroin, and a closed pouch, which contained $3,200.00. *Id.* The Court of Appeals for the District of Columbia Circuit held that the officers exceeded the scope of their authority by searching the packages found in the trunk without first obtaining a warrant. *Id.* at 802, 72 L. Ed. 2d at 579. Granting a writ of certiorari, the Supreme Court reversed, thereby determining that the officers' search of the containers did not violate the defendant's Fourth Amendment right against unreasonable searches and seizures. *Id.* at 800, 72 L. Ed. 2d at 578. In its reasoning, the Court stated that "the probable-cause [sic] determination must be based on objective facts that could justify the issuance of a warrant by a magistrate and . . . facts within knowledge of the [officer], which in the judgment of the court would make his [good] faith reasonable." *Id.* at 808, 72 L. Ed. 2d at 583. "The scope of a warrantless search . . . is defined by the object of the search and the places in which there is probable cause to believe that it may be

---

1. In *Thornton v. United States*, 541 U.S. 615, 158 L. Ed. 2d 905 (2004), the Supreme Court determined that a subsequent vehicle search did not violate the defendant's Fourth Amendment rights when the defendant was confronted by police and arrested for possession of contraband while standing near his vehicle.

found." *Id.* at 824, 72 L. Ed. 2d at 593. Based on its prior holding in *Carroll v. United States,* 267 U.S. 132, 69 L. Ed. 543 (1925) (setting forth automobile exception to the warrant requirement), the Supreme Court reversed the D.C. Circuit Court and held as follows:

> [T]he scope of the warrantless search authorized by [the exception established in *Carroll*] is no broader and no narrower than a magistrate could legitimately authorize by warrant. *If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.*

*Ross,* 456 U.S. at 825, 72 L. Ed. 2d at 594 (emphasis added).

Here, Sergeant Memmelaar lawfully stopped defendant's vehicle for following too closely and received defendant's consent to search the vehicle. Consent to search a vehicle may be given by the person in apparent control of the vehicle and its contents. N.C. Gen. Stat. § 15A-222(2) (2009); *see also State v. Wilson,* 155 N.C. App. 89, 97, 574 S.E.2d 93, 99 (2002). Upon performing a ping test on a tire located inside the vehicle, Sergeant Memmelaar detected a strong odor of marijuana. As noted by the trial court, the search of the tire was within the scope of consent.[2] After marijuana was detected, defendant was immediately arrested for possession of marijuana. Thereafter, it was lawful for Sergeant Memmelaar to search the entire vehicle incident to defendant arrest for possession of marijuana.[3] The discovery of marijuana in the first tire also provided probable cause to believe the vehicle was being used to transport marijuana, and, therefore, Sergeant Memmelar had probable cause to search every part of the vehicle that may have concealed marijuana. *See Ross,* 456 U.S. 798, 72 L. Ed. 2d 572. We hold that the search of defendant's vehicle and seizure of marijuana in the second tire, after detecting the smell of marijuana in the first tire, did not violate defendant's Fourth Amendment right against unreasonable searches and seizures. Accordingly, we reverse the trial court's order to

---

2. Unlike the trial court, we see nothing in the record that would limit the scope of defendant's consent to search to the interior of the vehicle.

3. We note that the United States Supreme Court has reiterated its disfavor of allowing vehicle searches incident to any arrest unless that arrest involves genuine officer safety issues or evidentiary concerns, *see Arizona v. Gant,* —— U.S. at ——, 173 L. Ed. 2d at 499, and note that the holding in the instant case addresses a search of a vehicle incident to arrest where it is reasonable to believe the vehicle contains evidence of the crime of arrest.

suppress the evidence discovered in the second tire and remand for further proceedings.

Reversed and remanded.

Judges STEELMAN and BEASLEY concur.