STATE OF NORTH CAROLINA v. RICHARD EUGENE FOY

No. COA10-331

(Filed 21 December 2010)

**Search and Seizure— search incident to arrest—carrying concealed weapon**

The trial court erred by partially granting defendant's motion to suppress contraband found during the search of his truck after defendant was arrested for carrying a concealed weapon. A search incident to arrest for evidence related to the charge of

STATE v. FOY

[208 N.C. App. 562 (2010)]

carrying a concealed weapon was within the allowable scope of *Arizona v. Gant*, 556 U.S. 332.

Appeal by State from order entered 14 December 2009 by Judge Jack Hooks in New Hanover County Superior Court. Heard in the Court of Appeals 13 October 2010.

*Attorney General Roy Cooper, by Assistant Attorney General Derrick C. Mertz, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Anne M. Gomez, for defendant-appellant.*

STEELMAN, Judge.

Where defendant consented to an officer entering his truck, and a concealed weapon was thereby discovered, it was not unreasonable for the officers to search the truck for additional offense-related contraband under the second exception to *Arizona v. Gant*, 556 U.S. —, 173 L. Ed. 2d 485 (2009).

## I. Factual and Procedural Background

At approximately 3:15 a.m. on 3 April 2009, Sergeant Rob Miller ("Miller"), of the Wrightsville Beach Police Department, observed a pickup truck operated by Richard Foy ("defendant") travel across the fog line and swerve inside its lane. Miller stopped the truck under suspicion that the operator was driving while intoxicated. Miller asked defendant to step down from his truck and, as he was doing so, Miller observed a leather sheath in the cab of the truck. Defendant stated that the sheath contained a knife. Miller noticed that defendant's speech was slurred, and defendant admitted that he had consumed alcohol that night. Due to a shortage of manpower that night, Miller decided to allow defendant to have someone pick him up rather than charging him with driving while impaired. Defendant asked to call his wife, and consented to an officer retrieving his cell phone from the truck.

In retrieving defendant's cell phone, the officer observed beneath the fold-down center console the barrel of a .357 revolver in a holster. This firearm had not been previously visible to Miller. Upon discovery of the pistol, defendant was placed under arrest for carrying a concealed weapon. Following the arrest, officers searched defendant's truck. The search revealed an open bottle of wine, an open beer can, an AR 15 rifle, over 200 rounds of ammunition for the rifle, a .45

caliber pistol and rounds for the pistol, marijuana, and magazines for the rifle and pistol. After defendant's arrest, it was discovered that he had been previously convicted of the felony of forgery and uttering in 1986. Defendant was charged with possession of a firearm by a felon, possession of marijuana up to one-half of an ounce, possession of drug paraphernalia, carrying a concealed gun, operating a motor vehicle with an open container of an alcoholic beverage after consuming alcohol, and a designated lane violation.

On 12 October 2009, defendant served a motion to suppress upon the State, seeking to suppress the contraband found during the search of his truck. Defendant asserted that the search "was not supported by a reasonable suspicion, valid search warrant, or consent." On 14 December 2009, the trial court granted in part and denied in part defendant's motion to suppress. The trial court concluded that the initial entry into the truck to find defendant's cell phone was with the consent of defendant and that the .357 revolver was in plain view of the officer. The court then held that the remainder of the evidence found during the search of the truck should be suppressed because the arrest of defendant negated any immediate danger to the officers and that the search should have been done pursuant to a search warrant.

The State appeals the portion of the order granting defendant's motion to suppress pursuant to N.C. Gen. Stat. §§ 15A-979(c) (2009) and 15A-1445(b)(2009).

## II. Standard of Review

Appellate review of a trial court's order upon a motion to suppress is limited to a determination of whether its findings of fact are supported by competent evidence and whether the findings of fact support the trial court's conclusions of law. *State v. Roberson,* 163 N.C. App. 129, 132, 592 S.E.2d 733, 735 (2004), *writ of supersedeas denied, disc. review denied,* 358 N.C. 240, 594 S.E.2d 199 (2004). In the instant case, the State does not challenge the trial court's findings of fact, and they are thus binding on appeal. *Id.* at 132, 733 S.E.2d at 735-36. The trial court's conclusions of law are subject to full review, and will be sustained if they are correct in light of its findings of fact. *State v. McCollum* 334 N.C. 208, 237, 433 S.E.2d 144, 160 (1993), *cert denied,* 512 U.S. 1254, 129 L. Ed. 2d 895 (1994).

## III. Motion to Suppress Evidence

In its only argument on appeal, the State contends that the trial court erred in partially granting defendant's motion to suppress. We agree.

The trial court correctly found as a matter of law that the investigative stop of defendant was lawful, that defendant consented to the entry into the truck, and that the seizure of the .357 revolver was lawful. However, the trial court went on to hold that the items seized during the search of the truck should be suppressed, since the arrest of defendant negated any issue of officer safety. The trial court held that a search warrant should have been obtained prior to the search.

This case is controlled by the search incident to arrest doctrine. The broad application of this doctrine was recently limited by the United States Supreme Court in the case of *Arizona v. Gant*, 556 U.S. ——, 173 L. Ed. 2d 485 (2009). In *Gant*, the Supreme Court limited the permissible scope of searches incident to arrest, finding that "[p]olice may search a vehicle incident to a recent occupant's arrest" only in two circumstances: 1) "if the arrestee is within reaching distance of the passenger compartment at the time of the search" or 2) "it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Id.* at ——, 173 L. Ed. 2d at 501. The Court went on to explain that, "[w]hen these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies." *Id.*

In the instant case, defendant was arrested for carrying a concealed weapon prior to the search of his truck. Under the rationale of *Gant*, in order for the search of defendant's truck to be valid, the officers conducting the search must have had reason to believe that evidence relating to the charge of carrying a concealed weapon could be found in the truck. *Id.* This issue was addressed by the United States District Court for the Western District of North Carolina in *United States v. Leak*, No. 3:09-cr-81-W, 2010 U.S. Dist. LEXIS 45564 (W.D.N.C. April 5, 2010). In *Leak*, the defendant was arrested for driving with a suspended license. During the arrest, the arresting officer discovered that the defendant was carrying a concealed weapon. *Id.* The search incident to arrest of the defendant's vehicle yielded contraband, which he moved to suppress. *Id.* The court in *Leak* concluded that "because Defendant was arrested for carrying a concealed weapon, the officers reasonably believed that the vehicle contained evidence concerning the gun and a search of the vehicle was proper." *Id.* at *14. We find this reasoning persuasive in analyzing the instant case.

The State argues that the facts in the present case are similar to *Leak*. The State argues that the discovery of one concealed weapon

gave the officers reason to believe that further evidence of this crime, such as another concealed weapon, ammunition, a receipt, or a gun permit, could exist in the truck. Not only would the discovery of this evidence compound the crime, such evidence would be necessary and relevant to show ownership or possession, could serve to rebut any defenses offered by defendant at trial, and would aid the State in prosecuting the crime to its full potential.

Permitting a search incident to arrest to discover offense-related evidence for the crime of carrying a concealed weapon is consistent with the United States Supreme Court's holding in *Gant*. In *Gant*, the United States Supreme Court limited the scope of vehicle searches incident to arrest to cases where evidence of the crime was reasonably believed to be present based on the nature of the suspected offense. 566 U.S. at ——, 173 L. Ed. 2d at 501. The United States Supreme Court held that there could be no search incident to arrest following arrest for driving without a license, because there is no reason to believe that further evidence would be discovered in those cases. *Id.* at ——, 173 L. Ed. 2d at 497. Unlike driving without a license and certain other traffic violations, the crime of carrying a concealed weapon is more akin to illegal narcotics possession, where evidence of the crime of arrest may be found in the vehicle, than it is to a simple traffic violation. See *U.S. v. Vinton*, 594 F.3d 14, 25-26 (D.C. Cir. 2010); *Leak*, 2010 U.S. Dist. LEXIS 45564; *People v. Osborne*, 96 Cal. Rptr. 3d 696, 705 (Cal. Ct. App. 2009). A search incident to arrest for evidence related to the charge of carrying a concealed weapon was within the scope allowable under the second exception set forth in *Gant*.

This Court previously analyzed *Gant* in the context of a search incident to arrest in *State v. Toledo*, —— N.C. App. ——, 693 S.E.2d 201 (2010). In *Toledo*, an officer lawfully stopped a defendant to issue a citation, and subsequently obtained the defendant's consent to search the vehicle. *Id.* at ——, 693 S.E.2d at 201-02. During the consent search, the officer discovered a strong odor of marijuana emanating from a tire in the luggage area of the vehicle and placed the defendant under arrest. *Id.* at ——, 693 S.E.2d at 202. A subsequent search incident to arrest uncovered a substantial amount of marijuana in that tire and in another tire which was located in the undercarriage of the vehicle. *Id.* The trial court admitted the evidence discovered as a result of the consent search, but suppressed the evidence discovered as a result of the subsequent search incident to arrest. *Id.* Although we recognized that *Gant* limits searches incident to arrest, we noted

that the Supreme Court found there will be times when " 'circumstances unique to the vehicle context justify a search incident to a lawful arrest when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." " *Id.* at ——, 693 S.E.2d at 203 (quoting *Gant*, 556 U.S. at ——, 173 L. Ed. 2d at 496). In *Toledo*, we held that the evidence discovered during the consent search justified the subsequent search incident to arrest because it was " 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.' " *Id.* We find the analysis applied by this Court in *Toledo* controlling and dispositive of the instant case.

It was reasonable for the officers in this case to believe that offense-related evidence would be in defendant's truck. Thus, the search of defendant's truck incident to his arrest for carrying a concealed weapon for evidence relating to that crime is consistent with the United States Supreme Court's ruling in *Gant*. The trial court erred in its conclusions of law based on an erroneous standard that the search following the discovery of the .357 revolver was unlawful and that such evidence should be suppressed.

REVERSED AND REMANDED.

Judges BRYANT and ERVIN, concur.