TYSON, Judge.
 

 *285
 
 Luis Miguel Martinez ("Defendant") appeals from judgment entered after a jury found him guilty of possession of a firearm by a felon. We find no error.
 

 *286
 

 I. Background
 

 The State's evidence tended to show on 27 September 2014, at approximately 12:30 a.m., Winston-Salem Police Officer M.H. Saintsing observed a Chevrolet pick-up truck speeding 48 mph in a 35 mph zone near the intersection of Thomasville Road and Louise Road. Officer Saintsing performed a U-turn and followed the truck into a gas station parking lot, where it had just pulled in.
 

 Officer Saintsing observed Defendant exit from the driver's side of the truck. A male passenger also exited from the truck, and both began walking toward the convenience store when Officer Saintsing activated his blue lights. Officer Saintsing approached Defendant and instructed him to get back into the vehicle. Defendant refused the officer's command, and continued toward the convenience store. After at least one subsequent command, Defendant returned to the location of the vehicle and threw the keys underneath the vehicle. The passenger attempted to re-enter the vehicle pursuant to the officer's commands, but was unable to because the door was locked.
 

 Defendant denied being the driver of the truck, and stated he did not know who owned the truck. Officer Saintsing asked Defendant why the truck was not parked within a marked parking space, and Defendant stated "he just kind of pulled in." Officer Saintsing
 
 *389
 
 detected a strong odor of alcohol on Defendant, and contacted other officers to request assistance. Officers Gardner and Willey arrived, conducted a driving while impaired investigation, and formed the opinion that Defendant was impaired.
 

 Defendant was unable to produce a driver's license. Officer Saintsing conducted a mobile computer search and learned Defendant's license had been suspended for a prior conviction of driving while impaired.
 

 Defendant was arrested for driving while impaired. He was handcuffed and placed in the rear seat of one of the patrol cars, at least thirty feet away from his vehicle. Officer Gardner instructed Officer Willey to search the interior of Defendant's vehicle, incident to the arrest. Officer Gardner testified he had conducted between twenty and thirty driving while impaired investigations. At least fifty percent of these cases involved the discovery of evidence associated with driving while impaired inside the vehicle, such as open containers of alcohol. Officer Gardner stated he had been trained to search the vehicle under these circumstances. Defendant did not admit to drinking alcohol inside the vehicle.
 

 Officer Willey discovered six beer bottles in the rear seat area of the vehicle. Some of the bottles were opened and some were not. A loaded
 
 *287
 
 .22 caliber rifle was discovered, in a cocked position, halfway underneath the rear seat. The barrel of the rifle was pointed towards the passenger seat.
 

 During routine booking questions, Defendant told officers he had stolen the truck from his father, the registered owner of the vehicle. No usable forensic evidence, such as fingerprints or DNA, was obtained from the rifle.
 

 Prior to trial, Defendant filed a motion to suppress the search. The trial court concluded the search of the vehicle after Defendant's arrest was lawful based upon the officers' reasonable belief the vehicle could contain evidence of the offense of driving while impaired. The matter proceeded to trial. Defendant stipulated he had been convicted of felonious assault with a deadly weapon with intent to kill on 24 August 2010. The jury convicted Defendant of possession of a firearm by a felon, and Defendant was sentenced to an active prison term of 17 to 30 months. Defendant appeals.
 

 II. Jurisdiction
 

 Jurisdiction of right by timely appeal lies in this Court from final judgment of the superior court following a jury's verdict pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2015). Defendant is entitled to appeal the denial of his motion to suppress pursuant to N.C. Gen. Stat. § 15A-979(b) (2015).
 

 III. Issues
 

 Defendant argues the trial court erred by: (1) denying Defendant's motion to suppress; and (2) failing to intervene during the prosecutor's closing argument.
 

 IV. Denial of Defendant's Motion to Suppress
 

 Defendant argues his motion to suppress should have been granted, because the officers lacked particularized reasons to believe evidence of impaired driving would be found inside the vehicle. We disagree.
 

 A. Standard of Review
 

 The trial court's findings of fact on a defendant's motion to suppress are conclusive and binding upon appeal if supported by competent evidence.
 
 State v. Cooke
 
 ,
 
 306 N.C. 132
 
 , 134,
 
 291 S.E.2d 618
 
 , 619 (1982). This Court determines whether the trial court's findings of fact support its conclusions of law.
 
 Id
 
 .
 

 We review the trial court's conclusions of law on a motion to suppress
 
 de novo
 
 .
 

 *288
 

 State v. Edwards
 
 ,
 
 185 N.C.App. 701
 
 , 702,
 
 649 S.E.2d 646
 
 , 648,
 
 disc. review denied
 
 ,
 
 362 N.C. 89
 
 ,
 
 656 S.E.2d 281
 
 (2007). "Under a
 
 de novo
 
 review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal."
 
 State v. Williams
 
 ,
 
 362 N.C. 628
 
 , 632-33,
 
 669 S.E.2d 290
 
 , 294 (2008) (citation and quotation marks omitted).
 

 Where, as here, a defendant fails to challenge the trial court's findings of fact, they are deemed to be supported by competent evidence and are binding on appeal.
 

 *390
 

 State v. Roberson
 
 ,
 
 163 N.C.App. 129
 
 , 132,
 
 592 S.E.2d 733
 
 , 735-36,
 
 disc. review denied
 
 ,
 
 358 N.C. 240
 
 ,
 
 594 S.E.2d 199
 
 (2004).
 

 B. Search Incident to Arrest
 

 It is a "basic constitutional rule" that "searches conducted outside the judicial process, without prior approval by [a] judge or magistrate, are per se unreasonable under the Fourth Amendment-subject only to a few specifically established and well delineated exceptions."
 
 Coolidge v. New Hampshire
 
 ,
 
 403 U.S. 443
 
 , 454-55,
 
 91 S.Ct. 2022
 
 , 2032,
 
 29 L.Ed.2d 564
 
 , 576 (1971). "Among the exceptions to the warrant requirement is a search incident to a lawful arrest," which "derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations."
 
 Arizona v. Gant
 
 ,
 
 556 U.S. 332
 
 , 338,
 
 129 S.Ct. 1710
 
 , 1716,
 
 173 L.Ed.2d 485
 
 , 493 (2009) (citations omitted).
 

 In
 
 Arizona v. Gant
 
 , the Supreme Court of the United States addressed the Fourth Amendment implications of a vehicle search following the driver's arrest.
 
 Id
 
 . at 335,
 
 129 S.Ct. at 1714
 
 ,
 
 173 L.Ed.2d at 491
 
 . The Court warned of the danger of "giving police officers unbridled discretion to rummage at will among a person's private effects."
 
 Id
 
 . at 345,
 
 129 S.Ct. at 1720
 
 ,
 
 173 L.Ed.2d at 497
 
 . "A rule that gives police the power to conduct such a search whenever an individual is caught committing a traffic offense,
 
 when there is no basis for believing evidence of the offense might be found in the vehicle
 
 , creates a serious and recurring threat to the privacy of countless individuals."
 
 Id
 
 . (emphasis supplied).
 

 The Court established a rule designed to balance the individual's Fourth Amendment privacy interests with both officer safety and the need to collect evidence of the crime at issue.
 

 Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search
 
 or it is reasonable to believe the vehicle contains evidence of the offense of arrest
 
 . When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless
 
 *289
 
 police obtain a warrant or show that another exception to the warrant requirement applies.
 

 Id
 
 . at 351,
 
 129 S.Ct. at 1723-24
 
 ,
 
 173 L.Ed.2d at 501
 
 (emphasis supplied).
 

 The Court in
 
 Gant
 
 cited to Justice Scalia's concurrence in
 
 Thornton v. United States,
 

 541 U.S. 615
 
 ,
 
 124 S.Ct. 2127
 
 ,
 
 158 L.Ed.2d 905
 
 (2004) (Scalia, J., concurring), to explain its rationale.
 
 Id
 
 . at 343-49,
 
 129 S.Ct. at 1720-22
 
 ,
 
 173 L.Ed.2d at 496-99
 
 . In
 
 Thornton
 
 , Justice Scalia noted, "the fact of prior lawful arrest distinguishes the arrestee from society at large, and distinguishes a search for evidence of
 
 his
 
 crime from general rummaging."
 
 541 U.S. at 630
 
 ,
 
 124 S.Ct. at 2136
 
 ,
 
 158 L.Ed.2d at 919
 
 (emphasis in original).
 

 This Court in
 
 State v. Foy
 
 ,
 
 208 N.C.App. 562
 
 , 563,
 
 703 S.E.2d 741
 
 , 741 (2010) applied the holding in
 
 Gant
 
 . In
 
 Foy
 
 , the defendant was stopped after his driving caused the officer to believe he was intoxicated.
 
 Id
 
 . The officer discovered a revolver inside the defendant's truck, arrested the defendant for carrying a concealed weapon, and then searched the truck.
 
 Id
 
 .
 

 This Court determined the search was valid as incident to arrest because the discovery of one concealed weapon provided the officers reason to believe that further evidence of this crime, such as another concealed weapon, ammunition, a receipt, or a gun permit, could exist inside the truck.
 
 Id
 
 . at 565-66,
 
 703 S.E.2d at 743
 
 . Further, such evidence would be necessary and relevant to show ownership or possession, could serve to rebut any defenses offered by defendant at trial, and would aid the State in prosecuting the crime to its full potential.
 
 Id
 
 . This Court held, "[p]ermitting a search incident to arrest to discover offense-related evidence for the crime of carrying a concealed weapon is consistent with the United States Supreme Court's holding in
 
 Gant.
 
 "
 
 Id
 
 . at 566,
 
 703 S.E.2d at 743
 
 .
 

 The question for the court on Defendant's motion to suppress is not whether it was reasonable for the officers to believe contraband may be found in the vehicle, but whether "evidence of the crime was reasonably believed to be present based on the nature of the suspected offense."
 

 *391
 

 Id
 
 . at 566,
 
 703 S.E.2d at
 
 743 (citing
 
 Gant
 
 ,
 
 556 U.S. at 351
 
 ,
 
 129 S.Ct. at 1723
 
 ,
 
 173 L.Ed.2d at
 
 501 ). Here, Defendant denied ownership, possession, and operation of the vehicle both verbally and by throwing the keys under the vehicle. Based upon the totality of the circumstances, including the strong odor of alcohol on Defendant, Defendant's effort to hide the keys and refusal to unlock the vehicle, and the officers' training and experience with regard to driving while impaired investigations, the trial court properly concluded the officers reasonably believed the vehicle could contain evidence of the offense.
 
 Id
 
 . Defendant's argument is overruled.
 

 *290
 

 V. State's Closing Argument
 

 Defendant argues the trial court abused its discretion by overruling Defendant's objections to the State's closing argument. He also asserts the trial court should have intervened
 
 ex mero motu
 
 at various points during the prosecutor's closing argument after Defendant failed to object or request curative instructions.
 

 A. Standard of Review
 

 "Arguments of counsel are largely in the control and discretion of the trial court. The appellate courts ordinarily will not review the exercise of that discretion unless the impropriety of counsel's remarks is extreme and is clearly calculated to prejudice the jury."
 
 State v. Huffstetler
 
 ,
 
 312 N.C. 92
 
 , 111,
 
 322 S.E.2d 110
 
 , 122 (1984) (citation omitted),
 
 cert denied
 
 ,
 
 471 U.S. 1009
 
 ,
 
 105 S.Ct. 1877
 
 ,
 
 85 L.Ed.2d 169
 
 (1985). "[W]e will not review the exercise of this discretion unless there be such gross impropriety in the argument as would be likely to influence the verdict of the jury."
 
 State v. Covington
 
 ,
 
 290 N.C. 313
 
 , 328,
 
 226 S.E.2d 629
 
 , 640 (1976) (citations omitted). The reviewing court examines the full context in which the statements were made.
 
 See, e.g.,
 

 State v. Lloyd
 
 ,
 
 354 N.C. 76
 
 , 113-14,
 
 552 S.E.2d 596
 
 , 622-23 (2001).
 

 Where a prosecutor improperly comments on a defendant's constitutional right not to testify, a new trial is required unless the State can prove the error was harmless beyond a reasonable doubt. N.C. Gen. Stat. § 15A-1443(b) (2015) ;
 
 State v. Reid
 
 ,
 
 334 N.C. 551
 
 , 556,
 
 434 S.E.2d 193
 
 , 198 (1993).
 

 Where a defendant fails to object to statements made by the prosecutor during closing argument, the standard of review is whether the remarks were so grossly improper that the trial court committed reversible error by failing to intervene
 
 ex mero motu
 
 .
 
 State v. Trull
 
 ,
 
 349 N.C. 428
 
 , 451,
 
 509 S.E.2d 178
 
 , 193 (1998),
 
 cert. denied
 
 ,
 
 528 U.S. 835
 
 ,
 
 120 S.Ct. 95
 
 ,
 
 145 L.Ed.2d 80
 
 (1999). "[T]he impropriety of the argument must be gross indeed in order for this Court to hold that a trial judge abused his discretion in not recognizing and correcting
 
 ex mero motu
 
 an argument which defense counsel apparently did not believe was prejudicial when he heard it."
 
 State v. Johnson
 
 ,
 
 298 N.C. 355
 
 , 369,
 
 259 S.E.2d 752
 
 , 761 (1979) (citation omitted).
 

 B. Comment Upon Defendant's Right Not to Testify
 

 The Constitution of the United States and North Carolina's Constitution preserve a criminal defendant's right not to testify. U.S. Const. amend. V ; N.C. Const. art. I § 23. "[I]t is well-settled law that a defendant need not testify" and "that the burden of proof remains with
 
 *291
 
 the State regardless of whether a defendant presents any evidence."
 
 State v. Williams,
 

 341 N.C. 1
 
 , 13,
 
 459 S.E.2d 208
 
 , 216 (1995) (citation and quotation marks omitted),
 
 cert. denied
 
 ,
 
 516 U.S. 1128
 
 ,
 
 116 S.Ct. 945
 
 ,
 
 133 L.Ed.2d 870
 
 (1996). The State "violates [this rule] if the language used [was] manifestly intended to be, or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify."
 
 State v. Parker
 
 ,
 
 185 N.C.App. 437
 
 , 444,
 
 651 S.E.2d 377
 
 , 382 (citation and quotation marks omitted),
 
 disc. review denied
 
 ,
 
 362 N.C. 91
 
 ,
 
 657 S.E.2d 26
 
 (2007).
 

 During opening statements, defense counsel asserted Defendant distanced himself from the truck and "acted nervous" because "he didn't want to get popped for driving while impaired." The prosecutor asserted the following during the State's closing argument:
 

 [PROSECUTOR]: First thing, you have the driver of the vehicle trying to distance
 
 *392
 
 himself from the vehicle. Why would you do that? Probably because you don't want the police to associate you with that vehicle. Now, I know the defense is going ... to say "Well he did not want to get popped for DWI," I think is what they described it as in their opening.
 

 Well, think about this, and this will apply to all of the defense argument, the only evidence you heard in this case has been presented by the State. The State's evidence is uncontradicted so to the extent the defense makes any arguments at all, if their [sic] not based off of the evidence that the State has presented, they're not in evidence at all. See what I'm saying?
 
 If they're saying "Well, he didn't want to get popped for DWI," well, then they need to put on evidence that he didn't want to get popped for DWI,
 
 otherwise it's just an unsupported allegation floating out there.
 

 [DEFENSE COUNSEL]: Objection, Your Honor.
 

 [THE COURT]: Overruled.
 

 [PROSECUTOR]: Do you see what I'm saying here? They have an opportunity, the defense has an opportunity to put on evidence to support their arguments. They didn't take that opportunity here, so you can't assume the arguments that they are making are correct because they are unsupported. You see what I'm saying?
 
 So if you want to come in here in this courtroom and tell 12 people, tell this jury,
 

 *292
 

 that "my client left that vehicle because he didn't want to get a DWI, not because he didn't want them to find the firearm in there," then you need to put on some evidence to support that and they haven't done that.
 

 I make no comment on the defendant's option or election not to testify in his case. We all know that's his constitutional right
 
 . We have the right to remain silent. That's a sacred right under the Constitution but that is one thing that is quite different from the defense's failure to put on any exculpatory evidence or evidence of his innocence. Those are two-
 

 [DEFENSE COUNSEL]: Objection.
 

 [THE COURT]: Sustained.
 

 [PROSECUTOR]: I want to make sure that I'm on sound legal grounds here. I don't want to say anything impermissible. This is what the Supreme Court of North Carolina had to say: "In closing arguments a prosecutor may not comment on the failure of the defendant to testify at trial."-I am not doing that-"However, it is permissible for the prosecutor to bring to the jury's attention a defendant's failure to produce exculpatory evidence or to contradict the evidence presented by the State."
 

 [DEFENSE COUNSEL]: Objection, Your Honor. (emphases supplied).
 

 At this point, the trial court excused the jury. Outside the presence of the jury, the trial court warned the prosecutor he had "said enough about the defendant's election not to put on evidence" and directed the prosecutor to "move on to another subject." The prosecutor resumed his argument. Before concluding, he stated: "Once again the only evidence presented has been presented by the State[.]" The prosecutor further stated: "The defendant did not testify but you have heard him make some statements. You heard him on video."
 

 Defendant argues his testimony would be the only plausible way to introduce evidence of the reason he wished to distance himself from the truck, and the jury naturally and necessarily understood the prosecutor's argument as a comment on Defendant's decision not to testify. Defendant further argues the prosecutor's explicit discussion of Defendant's right not to testify, while simultaneously denying he was commenting on that right, was itself improper and drew further attention to the previous
 
 *293
 
 improper comments.
 
 See
 

 State v. Roberts,
 

 243 N.C. 619
 
 , 621,
 
 91 S.E.2d 589
 
 , 591 (1956) (prosecutor's statement that he had "not said a word" about the defendant's failure to testify was improper and added emphasis to the previous objectionable language).
 

 Defendant relies on our Supreme Court's holding in
 
 Reid
 
 , that "any direct reference to [D]efendant's failure to testify is error and requires curative measures be taken by the trial court."
 
 334 N.C. at 554
 
 ,
 
 434 S.E.2d at 196
 
 , In
 
 Reid
 
 , the Supreme Court awarded
 
 *393
 
 the defendant a new trial based upon the following statement of the prosecutor during closing argument:
 

 The defendant hasn't taken the stand in this case. He has that right. You're not to hold that against him. But ladies and gentlemen, we have to look at the other evidence to look at intent in this case[.]
 

 Id
 
 .
 

 "While it is true that the prosecution may not comment on defendant's failure to take the stand, 'the defendant's failure to produce exculpatory evidence or to contradict evidence presented by the State may properly be brought to the jury's attention by the State in its closing argument.' "
 
 State v. Thompson
 
 ,
 
 110 N.C.App. 217
 
 , 225,
 
 429 S.E.2d 590
 
 , 594-95 (1993) (quoting
 
 State v. Jordan
 
 ,
 
 305 N.C. 274
 
 ,
 
 287 S.E.2d 827
 
 (1982) ). Moreover, "[w]hen defendant forecasts evidence in the opening statement, the State is permitted to comment upon the lack of evidence supporting such a forecast in closing argument."
 
 State v. Anderson
 
 ,
 
 200 N.C.App. 216
 
 , 224,
 
 684 S.E.2d 450
 
 , 456 (2009).
 

 During opening statement, defense counsel stated Defendant's reason for distancing himself from the truck was due to not wanting "to get popped" for driving while impaired. These comments and circumstances distinguish this case from the facts present in
 
 Reid
 
 . The prosecutor's statements, viewed as a whole and in context, summarize the evidence put before the jury and assert no evidence was presented to support defense counsel's assertions in his opening statement.
 
 See
 

 id
 
 .
 

 Defense counsel presented a forecast of evidence explaining Defendant's actions and nervous behavior during the traffic stop were due to his fear of being arrested for driving while impaired. Viewed as a whole, the prosecutor's statements pertain to Defendant's failure to produce exculpatory evidence to contradict the State's theory of why Defendant attempted to distance himself from the truck.
 
 Thompson
 
 ,
 
 110 N.C.App. at 225
 
 ,
 
 429 S.E.2d at 594-95
 
 .
 

 *294
 
 Presuming
 
 arguendo
 
 the prosecutor's statements constituted an impermissible comment on Defendant's right to remain silent and the trial court erred by failing to intervene or give a curative instruction
 
 ex mero motu
 
 , "[c]omment on an accused's failure to testify does not call for an automatic reversal but requires the court to determine if the error is harmless beyond a reasonable doubt."
 
 Reid
 
 ,
 
 334 N.C. at 557
 
 ,
 
 434 S.E.2d at 198
 
 .
 

 Defendant was charged with and convicted of possession of a firearm by a felon in violation of
 
 N.C. Gen. Stat. § 14-415.1
 
 . The two elements of this offense are "that the defendant has a prior felony conviction, and a firearm in his possession."
 
 State v. Hussey
 
 ,
 
 194 N.C.App. 516
 
 , 521,
 
 669 S.E.2d 864
 
 , 867 (2008). Because Defendant stipulated to his prior conviction for felonious assault with a deadly weapon with intent to kill, the only question before the jury was whether he possessed a firearm.
 

 Uncontroverted evidence showed Defendant was stopped while driving his father's truck, and exited the vehicle before the officer stopped. He attempted to further distance himself from the vehicle by denying operation of the truck and knowledge of ownership of the truck, and by throwing the keys under the truck. The officers observed signs that Defendant had consumed alcohol. Upon searching the vehicle, the officers recovered a loaded and cocked rifle located in the backseat area. The rifle was discovered along with and on top of containers of alcohol, and had been placed into the rear of the truck with the butt facing the driver's door and the barrel pointing to the passenger seat.
 

 Furthermore, the trial court charged the jury on the presumption of innocence, the State's burden of proving defendant's guilt beyond a reasonable doubt, and Defendant's failure to testify created no presumption against him. The jury is presumed to have followed the instructions of the trial court.
 
 State v. Thornton,
 

 158 N.C.App. 645
 
 , 652,
 
 582 S.E.2d 308
 
 , 312 (2003) (citations omitted). Any asserted error was harmless beyond a reasonable doubt. Defendant's argument is overruled.
 

 C. Assertion of Facts Not in Evidence
 

 Defendant also argues the prosecutor improperly misled the jury during the
 
 *394
 
 closing argument by asserting facts not in evidence. In discussing the difference between actual and constructive possession, the prosecutor explained:
 

 [PROSECUTOR]: "Possession of an article may be either actual or constructive. A person has actual possession of
 
 *295
 
 an article if the person has it on his person, is aware of its presence and either alone or together with others has both the power and intent to control its disposition or use." So that is actual possession.
 
 Think about it his [sic] way, when Mr. Martinez is placing the rifle in the truck and it is in his hands, he has actual possession of it.
 

 [DEFENSE COUNSEL]: Objection, Your Honor.
 

 [THE COURT]: Overruled.
 

 [PROSECUTOR]:
 
 When he closes the door and walks away from it a few steps now, he has constructive possession of it,
 
 and I'll explain.... (emphases supplied).
 

 Defendant argues that under the guise of explaining the law, the prosecutor was allowed to present a story to the jury in which Defendant, with the rifle "in his hands," placed it in the truck, closed the door and walked a few steps away. Though the rifle was found inside the vehicle he was driving, Defendant asserts no evidence established who placed the rifle in the vehicle.
 

 "Prosecutors may, in closing arguments, create a scenario of the crime committed as long as the record contains sufficient evidence from which the scenario is reasonably inferable."
 
 State v. Frye
 
 ,
 
 341 N.C. 470
 
 , 498,
 
 461 S.E.2d 664
 
 , 678 (1995),
 
 cert. denied
 
 ,
 
 517 U.S. 1123
 
 ,
 
 116 S.Ct. 1359
 
 ,
 
 134 L.Ed.2d 526
 
 (1996). The facts presented to the jury showed in detail the location and placement of the rifle in the backseat of the vehicle with the barrel pointed towards the passenger seat. Defendant has failed to show "gross impropriety in the argument as would be likely to influence the verdict of the jury."
 
 Covington
 
 ,
 
 290 N.C. at 328
 
 ,
 
 226 S.E.2d at 640
 
 . Defendant has failed to show the trial court abused its discretion in allowing the statement. This argument is overruled.
 

 D. Handling of the Rifle
 

 Defendant also argues the prosecutor improperly inflamed the jurors' emotions and "caused them to make a decision based on fear" by pointing the rifle at himself. To demonstrate that the "only [ ] logical way" the rifle could have been placed in the vehicle was from the driver's side, the prosecutor acted out what he believed it would have looked like had the rifle been placed in the vehicle from the passenger's side. In doing so, the prosecutor pointed the barrel of the rifle at himself. He then stated, "I can see some of you all just cringing when I was pointing that weapon towards myself even knowing it is unloaded and safe."
 

 *296
 
 Defendant did not object to the prosecutor's handling of the rifle in front of the jury and related statements. He has failed to show such gross impropriety "that the trial court committed reversible error by failing to intervene
 
 ex mero motu
 
 ."
 
 Trull
 
 ,
 
 349 N.C. at 451
 
 ,
 
 509 S.E.2d at 193
 
 . This argument is overruled.
 

 Notwithstanding our conclusions that Defendant has failed to object or to show prejudice in the prosecutor's statements and demonstrations to warrant a new trial, we find the prosecutor's words and actions troublesome. Without hesitation, the prosecutor flew exceedingly close to the sun during his closing argument. Only because of the unique circumstances of this case has he returned with wings intact.
 
 See
 
 BERGEN EVANS, DICTIONARY OF MYTHOLOGY 62-63 (Centennial Press 1970). We emphasize, "[a] prosecutor has the responsibility of a minister of justice and not simply that of an advocate; the prosecutor's duty is to seek justice, not merely to convict." Rev. R. Prof. Conduct N.C. St. B. 3.8 (Special Responsibilities of a Prosecutor) cmt. [1] (2015).
 

 VI. Conclusion
 

 The trial court properly concluded it was "reasonable [for the officers] to believe the vehicle contain[ed] evidence of the offense of arrest," and properly denied Defendant's motion to suppress.
 
 Gant,
 

 556 U.S. at 345
 
 ,
 
 129 S.Ct. at 1720
 
 ,
 
 173 L.Ed.2d at 497
 
 . Defendant has failed to show the prosecutor's purported comments on Defendant's decision not to testify and other statements and actions made
 
 *395
 
 during closing argument warrant the trial court's interventions
 
 ex mero motu
 
 or show prejudice for us to award a new trial.
 

 Defendant received a fair trial, free of prejudicial errors he preserved and argued. We find no error in the trial court's denial of Defendant's motion to suppress, the jury's verdict, or the judgment entered thereon.
 
 It is so ordered
 
 .
 

 NO ERROR.
 

 Judges MCCULLOUGH and DILLON concur.