IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-32

Filed 2 July 2025

Guilford County, Nos. 22CRS374014-400, 22CRS374008-400, 23CRS026280-400

STATE OF NORTH CAROLINA

v.

QUINTERIUS JAMAL GILBERT

Appeal by Defendant from judgments entered 17 April 2024 by Judge Michael D. Duncan in Guilford County Superior Court. Heard in the Court of Appeals 11 June 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Daniel J. Burke, for the State-Appellee.*
>
> *Joseph E. Gerber for Defendant-Appellant.*

COLLINS, Judge.

Defendant Quinterius Jamal Gilbert appeals from judgments entered upon jury verdicts of guilty of various crimes related to a break in and upon his guilty plea to having attained habitual felon status. Defendant argues that the trial court prejudicially erred by failing to intervene ex mero motu during the State's closing argument when it referenced Defendant's decision not to testify. After careful consideration, we find no prejudicial error.

## I.  Background

Defendant was indicted in April 2023 for felony breaking and entering, felony larceny after breaking and entering, and obtaining property by false pretenses. Defendant was subsequently indicted as a habitual felon.  Defendant's case came on for trial in March 2024.  The evidence at trial tended to show the following:

The Troncoso-Ortiz family's home in High Point, North Carolina was broken into on 8 December 2022.  Mr. Troncoso-Ortiz reported seven wristwatches and a container of loose coins missing and gave the police a description of the watches.  The next day, Defendant showed his identification to the manager of Cash American Pawn in High Point and sold two watches to the pawn shop.  Law enforcement accessed the pawn shop's records and put a hold on the watches sold by Defendant because they matched the description of the stolen watches.  Mr. Troncoso-Ortiz subsequently identified the watches as his.  Defendant attempted to sell additional watches to the pawn shop on 12 December 2022, but the pawn shop refused to purchase them.

After deliberating for thirty minutes, the jury found Defendant guilty of all charges.  Defendant pled guilty to having attained habitual felon status.  The trial court sentenced Defendant to an active term of 96-128 months of imprisonment with a credit of 424 days served.  Defendant gave notice of appeal in open court.

## II.  Discussion

Defendant's sole argument on appeal is that the trial court prejudicially erred

by failing to intervene ex mero motu during the State's closing argument when the State referenced Defendant's decision not to testify.

"The standard of review for assessing alleged improper closing arguments that fail[ed] to provoke timely objection from opposing counsel is whether the remarks were so grossly improper that the trial court committed reversible error by failing to intervene ex mero motu." *State v. Jones*, 355 N.C. 117, 133 (2002) (italics and citation omitted). This Court must determine "(1) whether the argument was improper; and if so, (2) whether the argument was so grossly improper as to impede the defendant's right to a fair trial." *State v. Huey*, 370 N.C. 174, 179 (2017). "In determining whether the statement was grossly improper, we must examine the context in which it was given and the circumstances to which it refers." *State v. Trull*, 349 N.C. 428, 451 (1998) (citations omitted).

A criminal defendant cannot be compelled to testify, and the State's reference to or comment on his decision not to testify violates the defendant's right to remain silent under the Fifth Amendment of the United States Constitution. *State v. Grant*, 293 N.C. App. 457, 458 (2024) (citing *Griffin v. California*, 380 U.S. 609, 615 (1965)). Likewise, the North Carolina Constitution provides that a criminal defendant cannot "be compelled to give self-incriminating evidence." N.C. Const. art. I, § 23. Additionally, our North Carolina General Statutes provide that a criminal defendant shall not be compelled to testify or "answer any question tending to criminate himself." N.C. Gen. Stat. § 8-54 (2024). Because a criminal defendant's right to

remain silent is constitutionally and statutorily protected, "a prosecution's argument which clearly suggests that a defendant has failed to testify is error." *State v. Reid*, 334 N.C. 551, 555 (1993) (citation omitted).

However, "a comment implicating a defendant's right to remain silent, although erroneous, is not invariably prejudicial." *State v. Ward*, 354 N.C. 231, 251 (2001) (citation omitted). "The error may be cured by a withdrawal of the remark or by a statement from the court that it was improper, followed by an instruction to the jury not to consider the failure of the accused to offer himself as a witness." *Trull*, 349 N.C. at 452-53 (brackets and citation omitted). The trial court's "inclusion in the jury charge of an instruction on a defendant's right not to testify" alone is insufficient to cure the State's error. *Reid*, 334 N.C. at 556.

In this case, Defendant did not offer evidence and exercised his right not to testify. The State made the following remark about Defendant's decision during its closing argument, without objection:

> You don't have any other evidence to say otherwise. Now, *he doesn't have to testify*, but there's no other evidence to say otherwise as to how he got those watches honestly. . . .

(emphasis added). This specific and direct statement made during closing argument, that Defendant "doesn't have to testify," violated Defendant's constitutional and statutory rights. *Reid*, 334 N.C. at 555. The error was not cured because the State did not withdraw the remark, nor did the trial court indicate that the remark was improper or instruct the jury not to consider "the failure of the accused to offer himself

as a witness." *Trull*, 349 N.C. at 452-53 (citation omitted). Although the trial court included in the jury charge an instruction on a defendant's right not to testify, this instruction alone was not sufficient to cure the improper remark. *Reid*, 334 N.C. at 556.

Notwithstanding this error, Defendant is not entitled to a new trial because he has failed to show the error "was so grossly improper as to impede [his] right to a fair trial." *Huey*, 370 N.C. at 179. The State presented substantial uncontradicted evidence of Defendant's guilt. Law enforcement discovered that Defendant had presented identification and sold two watches to a pawn shop in High Point the day after seven watches were reported stolen from the Troncoso-Ortiz family's High Point home. The watches Defendant sold matched the description of the stolen watches given by Mr. Troncoso-Ortiz, and Mr. Troncoso-Ortiz subsequently identified the watches as belonging to him. Defendant returned to the same pawn shop a few days later to sell additional watches. The State's remark and the trial court's lack of curative action, while error, was not so grossly improper as to impede Defendant's right to a fair trial in light of the overwhelming and uncontradicted evidence of Defendant's guilt.

## III. Conclusion

For the reasons above, the trial court did not prejudicially err.

NO PREJUDICIAL ERROR.

Judge ZACHARY concurs.

Judge TYSON concurs by separate opinion.

TYSON, Judge, concurring.

### IV. Background

This case addresses a Defendant's right to not answer questions or make statements, to remain silent upon the advice of counsel or otherwise, to not testify at trial, and, more specifically, for the State not to refer to, comment on, nor to use or challenge Defendant's silence, or his assertion or retention of those rights, against him at trial. We all agree the State's unlawful comments on Defendant's decision to exercise his right to remain silent violated Defendant's rights. This Court's patience and tolerance for the State's unlawful conduct is thin. Despite the clear prejudice Defendant demonstrated, I fully concur in this Court's ultimate decision to not award Defendant a new trial given the overwhelming evidence of guilt.

### V. Preservation

North Carolina's appellate courts are "mindful of the reluctance of counsel to interrupt his adversary and object during the course of closing argument for fear of incurring jury disfavor." *State v. Jones*, 355 N.C. 117, 129, 558 S.E.2d 97, 105 (2002). Because of this reluctance, "it is incumbent on the trial court to monitor vigilantly the course of such arguments, *to intervene as warranted*, to entertain objections, and to *impose any remedies* pertaining to those objections." *Id.* (emphasis supplied).

If counsel or the State makes improper remarks during closing argument, the trial court should implement remedies, such as "requiring counsel to retract portions of an argument deemed improper or issuing instructions to the jury to disregard such

arguments." *Id.*

"In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C. R. App. P. 10(a)(1). Defendant's counsel timely did so here prior to the jury beginning deliberations, and his argument is properly preserved. *See id.*; *Jones*, 355 N.C. at 129, 558 S.E.2d at 105; *State v. Earley*, __ N.C. App. __, __, 914 S.E.2d 79, 94-95 (2025) (Tyson, J., dissenting).

## VI.    Closing Argument Remarks

### A.    Standard of Review

A prosecutor's closing argument must avoid appeals to passion or prejudice. *Jones*, 355 N.C. at 135, 558 S.E.2d at 108. "[F]or an inappropriate prosecutorial comment to justify a new trial, it must be sufficiently grave that it is prejudicial error." *State v. Soyars*, 332 N.C. 47, 60, 418 S.E.2d 480, 487-88 (1992) (citation and internal quotation marks omitted). "A violation of the defendant's rights under the Constitution of the United States is prejudicial unless the appellate court finds that it was harmless beyond a reasonable doubt. The burden is upon the State to demonstrate, beyond a reasonable doubt, that the error was harmless." N.C. Gen. Stat. § 15A-1443(b) (2023).

### B. Analysis

The Fifth and Fourteenth Amendments of the Constitution of the United States preserve and protect a criminal defendant's right to remain silent and not be compelled to testify or offer evidence. U.S. Const. amend. V; XIV. North Carolina's Constitution also provides a criminal defendant cannot "be compelled to give self-incriminating evidence." N.C. Const. art. I, § 23. Our General Assembly has implemented these Constitutional provisions by statutorily mandating a criminal defendant shall not be compelled to testify or "answer any question tending to criminate himself." N.C. Gen. Stat. § 8-54 (2023).

"[A] criminal defendant has a right to remain silent under the Fifth Amendment to the United States Constitution, as incorporated by the Fourteenth Amendment, and under Article I, Section 23 of the North Carolina Constitution." *State v. Ward*, 354 N.C. 231, 266, 555 S.E.2d 251, 273 (2001). "A defendant's decision to remain silent following his arrest may not be used to infer his guilt, and *any comment by the prosecutor on the defendant's exercise of his right to silence is unconstitutional*." *Id.* (emphasis supplied).

Our General Statutes also mandate the State's limits of permissible commentary during a prosecutor's closing argument:

> During a closing argument to the jury an attorney *may not become abusive*, inject his personal experiences, *express his personal belief as to the truth or falsity of the evidence* or as to the guilt or innocence of the defendant, or make *arguments on the basis of matters outside the record* except for matters concerning which the court may take judicial notice.

3

N.C. Gen. Stat. § 15A-1230(a) (2023) (emphasis supplied).

"[A] prosecution's argument which clearly suggests that a defendant has failed to testify is error." *State v. Reid*, 334 N.C. 551, 555, 434 S.E.2d 193, 196 (1993).

Our Supreme Court has further held:

> [C]ounsel may not, by argument or cross-examination, place before the jury incompetent and prejudicial matters by injecting his own knowledge, beliefs, and personal opinions not supported by the evidence. A prosecutor must present the State's case vigorously while at the same time *guarding against statements which might prejudice the defendant's right to a fair trial.*

*State v. Hill*, 311 N.C. 465, 473, 319 S.E.2d 163, 168 (1984) (citations and internal quotation marks omitted) (emphasis supplied).

The Supreme Court of the United States over 90 years ago warned prosecutors:

> The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor–indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

*Berger v. United States*, 295 U.S. 78, 88, 79 L. Ed. 1314, 1324 (1935). *See also State v. Smith*, 279 N.C. 163, 167, 181 S.E.2d 458, 460 (1971).

Our Supreme Court explained: "The prosecuting attorney should use every honorable means to secure a conviction, but it is his duty to exercise proper restraint so as to avoid misconduct, unfair methods or overzealous partisanship which would result in taking unfair advantage of the accused." *State v. Holmes*, 296 N.C. 47, 50, 249 S.E.2d 380, 382 (1978).

This Court has also repeatedly warned prosecutors about impermissible statements during closing arguments and cautioned them, like Daedalus warned Icarus, not to "fly too close to the sun":

> Notwithstanding our conclusions that Defendant has failed to object or to show prejudice in the prosecutor's statements and demonstrations to warrant a new trial, we find the prosecutor's words and actions troublesome. Without hesitation, the prosecutor flew exceedingly close to the sun during his closing argument. Only because of the unique circumstances of this case has he returned with wings intact. *See* BERGEN EVANS, DICTIONARY OF MYTHOLOGY 62-63 (Centennial Press 1970). We emphasize, "[a] prosecutor has the responsibility of a minister of justice and not simply that of an advocate; the prosecutor's duty is to seek justice, not merely to convict." Rev. R. Prof. Conduct N.C. St. B. 3.8 (Special Responsibilities of a Prosecutor) cmt. [1] (2015).

*State v. Martinez*, 251 N.C. App. 284, 296, 795 S.E.2d 386, 394 (2016).

Defendant correctly argues the prosecutor made impermissible comments during closing argument. Our Supreme Court stated in *Hembree* and *Reid*, with or without the benefit of counsel's recorded objection, the "prosecutor's statements to this effect were grossly improper, and the trial court erred by failing to intervene *ex*

5

*mero motu.*" *State v. Hembree*, 368 N.C. 2, 20, 770 S.E.2d 77, 90 (2015); *Reid*, 334 N.C. at 556, 434 S.E.2d at 197. The trial court's "inclusion in the jury charge of an instruction on a defendant's right not to testify" alone is insufficient to cure the State's error. *Reid*, 334 N.C. at 556, 434 S.E.2d at 197.

"The error may be cured by a withdrawal of the remark or by a statement from the court that it was improper, followed by an instruction to the jury not to consider the failure of the accused to offer himself as a witness." *State v. Trull*, 349 N.C. 428, 452-53, 509 S.E.2d 178, 194 (1998) (brackets and citation omitted).

As is held in this Court's opinion, the State presented substantial uncontradicted evidence of Defendant's guilt beyond a reasonable doubt. On appeal, he has failed to show the State's error, while prejudicial, "was so grossly improper as to impede [his] right to a fair trial." *State v. Huey*, 370 N.C. 174, 179, 804 S.E.2d 464, 469 (2017).